PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:    213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBED VILLATORO and CLEMENCIA MARTINEZ, individually, and on behalf of all other similarly situated employees,<br><br>            Plaintiffs,<br><br>      v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. 2:25-cv-4448 ODW (MAAx)<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES**<br><br>Complaint Filed: December 19, 2024<br>Trial Date:         None<br>District Judge:    Hon. Otis D. Wright II<br>                       Courtroom 5D, First St.<br>Magistrate Judge: Hon. Maria A. Audero<br>                       Courtroom 880, Roybal |

1

DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES

Pursuant to Local Rule 83-1.3.3, Defendant WAL-MART ASSOCIATES, INC. ("Walmart") hereby objects to Plaintiffs' Notice of Related Cases (ECF No. 31) on grounds that: (1) the cases Plaintiffs identify therein do not qualify as "related" within the meaning of Local Rule 83-1.3.1; and (2) Plaintiffs' Notice does not "include a brief factual statement that explains how the cases in question are related under the [] factors[]" nor does it describe "[a]ll facts that appear relevant to such a determination" as is required by Local Rule 83-1.3.1.

Plaintiffs' Notice omits critical facts, including that the cases purportedly assigned to the Hon. Birotte have been dismissed and largely concerned associates of Walmart's Distribution Centers – not the retail store associates[1] at issue in this case. *See, e.g.*, ECF No. 31, p. 2. *See also* General Order No. 24-04 (II)(I).1(b), providing that when an objection to a Notice is filed, the "judges assigned to the cases identified as related will decide if the cases are related within seven days after the objection is filed." The relevant cases that were once assigned to the Hon. Birotte are no longer before him, as the Notice falsely claims. *See, e.g.*, ECF No. 31, p. 2:27. The actions identified in Plaintiffs' Notice also pertain to differing allegations, theories, putative classes, and/or primary rights. Accordingly, "substantial duplication of labor" will not result if the instant action is heard by "different judges (L.R. 83-1.3.1), as explained below.

### THE INSTANT *VILLATORO* ACTION

The *Villatoro* Action brings the following putative class claims: (1) meal periods; (2) rest breaks; (3) failure to pay wages owed at termination; (4) failure to provide accurate wage statements; (5) failure to reimburse for business expenses; and (6) unfair competition. (ECF No. 13.)

According to Plaintiffs' Notice, the *Villatoro* Action is brought on behalf of a putative class defined as "all current and former nonexempt employees of Defendant's

---

[1] Walmart refers to its employees as "associates."

DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES

Walmart **retail stores** in the State of California during the period of December 19, 2020 through the time this action settles or proceeds." (ECF No. 31, p. 2:15-18.) In contrast, many of the cases Plaintiffs claim are related concern only associates of Walmart at Distribution Centers – not retail stores. Meaning, they concern different associates and employment practices altogether.

I.    *CHELSEA HAMILTON V. WAL-MART STORES, INC.*, CASE NO. 5:17-CV-AB-KK (C.D. CAL.) AND *ALYSSA HERNANDEZ V. WAL-MART ASSOCIATES, INC.*, CASE NO. 5:17-CV-01485-AB-KK (C.D. CAL.) (COLLECTIVELY, "*HAMILTON/HERNANDEZ*")

*Hamilton/Hernandez* is not related to the *Villatoro* Action because it concerns entirely different putative class members. *Hamilton/Hernandez* is a consolidated class action brought on behalf of associates at one Walmart Fulfillment/Distribution Center – not the state-wide retail store associates at issue here. (*Hamilton/Hernandez* ECF No. 69, ¶ 24.)

*Hamilton/Hernandez* is stayed pending final approval of a settlement of another Walmart class case involving distribution center associates (*Flores v. Walmart Inc.*, San Bernardino County Superior Court Case No. CIVDS2023061). (*Hamilton/Hernandez* ECF No. 429.)

II.   *LARRY ROACH V. WAL MART STORES INC., ET AL.*, NO. 5:18-CV-02536-AB-KK (C.D. CAL.) ("*ROACH*")

*Roach* is not related because there are no overlapping claims, and the matter was dismissed with prejudice in 2021.

*Roach* was filed on November 30, 2018, as a putative class action brought on behalf of other hourly Walmart associates in California (*Roach* ECF No. 1.) The plaintiff did not move for class certification, the matter settled on an individual basis only, and it was dismissed with prejudice on December 16, 2021. (*Roach* ECF No. 69.)

### III. *JAMES S. EVANS V. WAL-MART STORES, INC.*, NO. 2:17-CV-07641-AB-KK (C.D. CAL.) ("*EVANS*")

*Evans* is not related because there are no overlapping claims, and the matter was dismissed with prejudice in 2022.

*Evans* was filed on September 13, 2017, in state court (*Evans* ECF No. 1-1), and removed to federal court on October 18, 2017. (*Evans* ECF No. 1.)

Plaintiff Evans' motion to certify a class was granted in part and denied in part on November 25, 2019, certifying the plaintiff's claims for regular rate violations and inaccurate wage statements, and denying certification of a vacation pay class. (*Evans* ECF No. 95.)

On September 14, 2020, the court granted Walmart's motion for summary judgment of the regular rate class claims, along with some individual and PAGA claims. (*Evans* ECF No. 181.)

*Evans* was resolved on a class-wide basis as to the plaintiff's inaccurate wage statement claim. Final approval of the settlement was granted on December 6, 2022. (*Evans* ECF No. 272.) The settlement in *Evans* covers a class period that predates the class period for the wage statement claim in the instant action, because that claim has only a one-year statute of limitations. *See* Labor Code § 226; Code of Civil Procedure § 340.

### IV. *LERNA MAYS V. WAL-MART STORES, INC.*, NO. 2:18-CV-02318-AB-KK (C.D. CAL.) ("*MAYS*")

*Mays* is not related because there are no overlapping claims, and it was dismissed with prejudice in 2021.

Plaintiff Mays' first motion for class certification was denied on August 22, 2018 (*Mays* ECF No. 61); her second motion for class certification was granted in part (on a wage statement claim) and denied in part on February 20, 2019. (*Mays* ECF No. 92.)

DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES

The second class certification order was appealed to the Ninth Circuit; and the certification of the wage statement claim was reversed on March 17, 2020. (*Mays* ECF No. 128.)

*Mays* was resolved on an individual basis and was dismissed with prejudice on December 16, 2021. (*Mays* ECF No. 164.)

## V.   *MARK PRADO V. WAL-MART STORES, INC., ET AL.*, NO. 2:17-CV-05630-AB-KK (C.D. CAL.) ("*PRADO*")

*Prado* is not related because there are no overlapping claims, no overlapping putative class members, and it was dismissed with prejudice in 2019.

*Prado* was brought as a putative class action on behalf of exempt assistant managers in Walmart locations in California who used their cell phones for work purposes. (*Prado* ECF No. 1-1, ¶14.)

The court denied plaintiff Prado's motion for class certification on December 18, 2018. (*Prado* ECF No. 52.)

*Prado* was resolved on an individual basis, and all claims were dismissed on January 23, 2019. (*Prado* ECF No. 58.)

## VI.   *VALERIA SILVA V. WALMART INC., ET AL.*, NO. 5:23-CV-01451-AB-DTB (C.D. CAL.) ("*SILVA*")

*Silva* is not related because there are no overlapping claims, no overlapping putative class members, and it was dismissed with prejudice in 2024.

*Silva* was brought as a putative class action on behalf of non-exempt associates of Walmart who worked in distribution centers in California – not the retail store associates at issue here. (*Silva* ECF No. 18, ¶ 4.) *Silva* did not proceed to class certification.

The case settled on an individual basis only, and all claims were dismissed on June 24, 2024. (*Silva* ECF No. 42.)

DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES

## VII.   *ORALIA SEPULVEDA V. WALMART INC., ET AL.*, NO. 8:22-CV-02195-AB-KK (C.D. CAL.) ("*SEPULVEDA*")

*Sepulveda* is not related because there are no overlapping claims, and it was dismissed with prejudice in 2024.

*Sepulveda* was brought as a putative class action in state court on September 2, 2022 (*Sepulveda* ECF No. 1-1) and removed to federal court on December 7, 2022. (*Sepulveda* ECF No. 1.)

On April 6, 2023, Sepulveda voluntarily dismissed her class claims, and the matter was thereafter remanded to state court. (*Sepulveda* ECF No. 23, 24.)

*Sepulveda* settled on an individual basis in state court and was dismissed with prejudice on July 18, 2024. (Request for Judicial Notice ["RJN"], Ex. A.)

## VIII.   *CLAUDIA CARR, ET AL. V. WALMART INC., ET AL.*, NO. 5:21-CV-01429-AB-SHK (C.D. CAL.) ("*CARR*")

*Carr* is not related because there are no overlapping claims, no overlapping putative class members, and it was dismissed with prejudice in 2025.

*Carr* was brought as a putative class action on behalf of non-exempt associates of Walmart who worked in distribution and/or fulfillment centers in California – not the retail store associates at issue here. (*Carr* ECF No. 1-1, ¶ 1.)

Class certification in *Carr* was denied on November 27, 2023. (*Carr* ECF No. 58.)

The case settled on an individual basis only, and all claims were dismissed with prejudice on April 1, 2025. (*Carr* ECF No. 93.)

## IX.   *ROBERT GOMES V. WAL-MART ASSOCIATES, INC.*, NO. 2:22-CV-065051-AB-DTB (C.D. CAL.) ("*GOMES*")

*Gomes* is not related because there are no overlapping claims, and it was dismissed with prejudice in 2024.

DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES

*Gomes* was brought as a putative class action. (*Gomes* ECF No. 3-1.) It was resolved on an individual basis only, before discovery, and all claims were dismissed with prejudice on May 23, 2024. (*Gomes* ECF No. 48.)

**X.   *CARLOS V. WAL-MART ASSOCIATES, INC., ET AL.*, NO. 5:21-CV-00294-AB-DTB (C.D. CAL.) ("*CARLOS*")**

*Carlos* is not related because there are no overlapping claims, and it was dismissed with prejudice in 2025.

On September 6, 2022, the court in *Carlos* denied the plaintiff's motion for class certification, which sought to certify a class of hourly associates for alleged failure to reimburse business expenses. (*Carlos* ECF No. 101.)

The case was resolved on an individual basis only, and all claims were dismissed with prejudice on February 4, 2025. (*Carlos* ECF No. 131.)

**XI.   *CECELIA RODRIGUEZ V. WAL-MART ASSOCIATES, INC.*, NO. 2:20-CV-07045-AB-KK (C.D. CAL.) ("*RODRIGUEZ*")**

*Rodriguez* is not related because it has no overlapping claims, and it was dismissed with prejudice in 2023.

On September 16, 2022, the court in *Rodriguez* denied the plaintiff's motion seeking to certify a class of hourly Walmart associates in California for alleged rest break violations. (*Rodriguez* ECF No. 70.)

The case was resolved on an individual basis only, and all claims were dismissed with prejudice on March 13, 2023. (*Rodriguez* ECF No. 80.)

**XII.   *SHARON ORTIZ V. WALMART, INC., ET AL.*, NO. 2:20-CV-05052-AB-KK (C.D. CAL.) ("*ORTIZ*")**

*Ortiz* is not related because it has no overlapping claims, no overlapping putative class members, and it was dismissed in 2020.

*Ortiz* was brought as a putative class action, on behalf of non-exempt associates of Walmart who worked in distribution centers in California. (*Ortiz* ECF No. 1-1, ¶ 41.)

DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES

The court in *Ortiz* granted Walmart's motion to dismiss and dismissed the case on September 18, 2020, prior to class certification briefing. (*Ortiz* ECF No. 21.)

### XIII. *GUMARO ZAVALZA CASTELLON V. WAL MART ASSOCIATES, INC., NO. 2:23-CV-07547-AB-DTB (C.D. CAL.) ("CASTELLON")*

*Castellon* is not related because there are no overlapping claims, and it was dismissed with prejudice in 2025.

*Castellon* was brought as a putative class action in state court on December 15, 2022 (*Castellon* ECF No. 1-2) and removed to federal court on September 11, 2023 (*Castellon* ECF No. 1.)

The case was resolved on an individual basis only prior to class certification, and all claims were dismissed with prejudice on January 16, 2025. (*Castellon* ECF No. 38.)

### XIV. *HECTOR J. MEJIA V. WALMART INC., ET AL., NO. 5:22-CV-00970-AB-KK (C.D. CAL.) ("MEJIA")*

*Mejia* is not related because it is not pending in the Central District.

*Mejia* was brought as a putative class action. (*Mejia* ECF No. 1-1.) The plaintiff never moved to certify a class, and no substantive rulings were made by the court.

The parties settled *Mejia* (*Mejia* ECF No. 21) and stipulated to remand the matter to state court for settlement. (*Mejia* ECF No. 32.)[2]

---

[2] Plaintiffs also identify *Jessica Hernandez v. Wal-Mart Associates, Inc.*, No. 5:21-cv-00166-FLASHK (C.D. Cal.) ("*Hernandez*"), currently pending before Judge Aenlle-Rocha. *Hernandez* was filed as a putative class action on November 17, 2020, and removed to federal court on January 28, 2021. (*Hernandez* ECF No. 1.) The plaintiffs in *Hernandez* moved to certify a meal period and expense reimbursement claim on May 26, 2023. (*Hernandez* ECF No. 64.) The court denied the class certification motion on March 28, 2024. (*Hernandez* ECF No. 99.) The case is proceeding to trial on September 23, 2025, on the plaintiffs' individual wage claims, and a PAGA claim for purported meal and rest break violations. (*Hernandez* ECF Nos. 118, 155, 159.)

DATED:  June 12, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Paloma P. Peracchio*
Paloma P. Peracchio
Mitchell A. Wrosch
Melis Atalay

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

Case No. 2:25-cv-4448 ODW (MAAx)

DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES

90520475.v1-OGLETREE